IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CAROLYN A. SFAKIANOS,          )
                               )
        Plaintiff,             )
                               )
vs.                            )     No. 08-cv-2172-SHM-dkv
                               )
SHELBY COUNTY GOVERNMENT        )
        Defendant.             )

_____

ORDER AND REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO STRIKE
_____

Before the court is the May 5, 2010 motion of the defendant, Shelby County Government ("Shelby County" or "the County"), to strike, in whole or in part, the plaintiff's affidavit filed in support of the plaintiff's response in opposition to Shelby County's motion for summary judgment in this case. (Doc. No. 101.) The district court referred the motion to strike to the United States Magistrate Judge for determination. (Doc. No. 102.) On May 26, 2010, the court initially granted Shelby County's motion on procedural grounds, striking the affidavit in its entirety. (Doc. No. 103.) On May 27, 2010, the court granted the plaintiff's motion for reconsideration. (Doc. No. 105.) The plaintiff then filed a timely response in opposition to Shelby County's motion to strike. (Doc. No. 106.)

I.  FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Carolyn A. Sfakianos, brings this action against the defendant, Shelby County pursuant, to Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging race discrimination and retaliation.  Sfakianos, a white female, claims that her black supervisor and other black co-employees created a racially hostile work environment for her and that her supervisor retaliated against her for complaining about these acts.  (*See* Doc. No. 48, Pl.'s Am. Compl.)  Shelby County has answered denying all of Sfakianos's allegations.  (Doc. No. 49.)

On March 1, 2010, Shelby County moved for summary judgment on all of Sfakianos's claims.  (Doc. No. 89.)  Sfakianos responded in opposition on April 14, 2010, (Doc. No. 95).[1]  In support, Sfakianos attached her 44-page affidavit, which consisted of 38 paragraphs, and was accompanied by some fifty-two (52) separate exhibits.  (Doc. Nos. 95-6 to 95-10.)  Shelby County now moves to strike the affidavit and its exhibits either in whole or in part.  Shelby County objects to various paragraphs within the affidavit as well as portions of the exhibits on the grounds that they contain inadmissible hearsay, are not within Sfakianos's own personal knowledge, directly contradict her deposition testimony, or are not properly authenticated.

## II.  ANALYSIS

Sfakianos has alleged her supervisors created a hostile work environment and retaliated against her for complaining about her

_____

[1]     The district court granted Sfakianos an extension of time to respond on March 31, 2010.  (Doc. No. 92.)

working conditions.  To establish a claim of hostile work environment, Sfakianos must prove that: (1) she is a member of a protected class []; (2) she was subjected to harassment, either through words or actions based on [her classification]; (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile or offensive work environment; and (4) there exists some basis for liability on the part of the employer.  *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008).  The harassment must be both severe and pervasive enough to satisfy both a subjective and objective inquiry of its offensive character.  *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006).  A workplace which "is permeated with 'discriminatory intimidation, ridicule, and insult' constitutes a hostile work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted).  To establish a claim for retaliation, Sfakianos must show that: (1) she engaged in protected activity under Title VII; (2) Shelby County knew that the employee engaged in protected activity; (3) Shelby County subsequently took an adverse employment action against her; and (4) the adverse action was causally related to her protected activity.  *Ladd v. Grand Trunk W. R.R.*, 552 F.3d 495, 503 (6th Cir. 2009).

3

A.   Procedural Impropriety of a Motion to Strike

As a general rule, a motion to strike is not an authorized or proper way to defeat supporting documents which one party finds objectionable.   5A Wright and Miller, *Federal Practice and Procedure*: Civil 2d § 1380 (West 1990).   The only provision within the Federal Rules which provides for striking an item is Fed. R. Civ. P. 12(f).   That rule authorizes the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   FED. R. CIV. P. 12(f).   Affidavits and/or attached exhibits accompanying memoranda in support of motions for summary judgment, or the memoranda themselves for that matter, however, are not among the documents identified as "pleadings" by the Federal Rules.   *See* FED. R. CIV. P. 7(a).   Accordingly, courts in this district consistently hold that a motion to strike is not the proper procedural device for countering exhibits or affidavits attached to memoranda in support of motions.   *See, e.g., Porter v. Hamilton Beach/Proctor-Silex, Inc.*, No. 01-2970-MaV, 2003 WL 21946595, 2003 U.S. Dist. LEXIS 14089, *5-6 (W.D. Tenn. July 28, 2003) (finding that a motion to strike was "not the proper procedural device" by which to object to exhibits offered to support a motion).   *See also Moore v. Baptist Mem. Coll. of Health Scis.*, No. 08-2311 Ma/P, 2010 WL 100551, 2010 U.S. Dist. LEXIS 1219, *8, n.2 (W.D. Tenn. Jan. 7, 2010) (finding that a deposition transcript is not a pleading that is subject to

4

a motion to strike as contemplated by Rule 12(f) of the Federal Rules of Civil Procedure); *Scott v. Dress Barn*, No. 04-1298, 2006 WL, 870684, 2006 U.S. Dist. LEXIS 19501, *2 (W.D. Tenn. Mar. 31, 2006) (citations omitted) (refusing to strike an affidavit because it is not a pleading).

Courts presented with inadmissible evidence should disregard the evidence rather than striking it from the record. *Lombard v. MCI Telecom. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assur. Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)). In order for a party to preserve its objection to a court's consideration of material which it believes to be inadmissable, "it is enough for the movant to make its objections known in a reply memorandum if one is permitted, in open court if a hearing is held, or otherwise." *Porter*, 2003 U.S. Dist. LEXIS at *6 (citing *Lombard*, 13 F. Supp. 2d at 625). The court therefore recommends that Shelby County's motion to strike be denied. The court further recommends that Shelby County's motion be treated as separate objections to the affidavit and its exhibits, that these objections be noted on the record, and that the district court rule on the objections as recommended below.

B. <u>The Affidavit</u>

Rule 56(e) delineates the requirements for affidavits submitted in support of or in opposition to summary judgment. The rule provides that "[s]upporting and opposing affidavits shall be

made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). It further provides that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* Whenever the court receives accompanying affidavits with a memorandum either in support of or in opposition to a motion for summary judgment, it is required to evaluate the contents and determine whether the affidavits meet the relevant criteria under the Federal Rules of Civil Procedure.

Here, Shelby County objects to the court's consideration of paragraphs 8,9, 12, 13, and 15-26 in their entirety and to paragraph 27 in part on grounds that such statements are hearsay, not based on Sfakianos's personal knowledge, or contradict her deposition testimony.

An affiant's "personal knowledge" may be based on his or her observations and experiences. *Bacon v. Honda of Am. Mfg., Inc.*, 192 F. App'x 337, 346 n.9 (6th Cir. 2006)(unpublished). The "personal knowledge" requirement is not satisfied by an affiant's statement of what he or she believes to be true. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). Likewise, the Sixth Circuit has long disregarded inadmissible hearsay evidence submitted in opposition to a motion for summary judgment. *Alpert*,

481 F.3d at 409 (citing *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir. 1991) (citing *State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED R. EVID. 801(c). Hearsay may be admissible if it falls within one of the exemptions or exceptions outlined by the Federal Rules of Evidence. FED R. EVID. 802. The exceptions, however, generally do not "dispense[] with the requirement of firsthand knowledge." *Alexander v. CareSource*, 576 F.3d 551, 562 (6th Cir. 2009) (quoting Advisory Committee's Note to 1972 Proposed Rules, Rule 803). Thus, a hearsay statement will not be admissible and will not be considered if the proponent fails to show that the declarant had personal knowledge. *United States v. Lanci*, 669 F.2d 391, 395 (6th Cir. 1982).

Finally, non-moving parties may not avoid summary judgment by filing an affidavit which "directly contradicts that party's previous testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006) (citing *Peck v. Bridgeport Mach., Inc.*, 237 F.3d 614, 619 (6th Cir. 2001). This rule, however, does not prevent the affidavit from supplementing incomplete deposition testimony. *Aerel*, 448 F.3d at 907 (commenting that "[s]uch an

affidavit . . . provides the district court with more information
. . . at the crucial summary judgment stage"). Such gap-filling
portions of an affidavit are not objectionable because the deponent
"'had no duty to volunteer [the relevant] information during the
deposition absent a question . . . seeking that information.'" *Id.*
(quoting *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir.
1999)).

  1.  *Paragraph 8*

  Shelby County argues that the several statements within
paragraph 8 violate the "personal knowledge" requirement of Rule
56(e). The County asserts that Sfakianos engages in "mind reading"
by purporting to know what her supervisors or co-workers were
thinking or why her supervisor made certain decisions. The County
also argues that statements in the affidavit concerning whether
Darnell Gatewood conducted an investigation into Sfakianos's
complaints of discrimination are contradictory to Sfakianos's
deposition testimony and that the paragraph itself contains
contradictory statements concerning the same topic. Sfakianos
claims that stating she "reasonably understood" what her co-workers
statements meant does not imply that her statement concerning their
mindset is guesswork or speculation.

  The court has reviewed the paragraph and considered the
parties' arguments. The court finds numerous statements containing
inadmissible hearsay in addition to the statements to which Shelby

County has raised specific objections.  The court also agrees with Shelby County that statements in this paragraph contradict Sfakianos's deposition testimony concerning the extent of Mr. Gatewood's investigation.  Finally, several of the statements in this paragraph contain Sfakianos's characterization or conclusory opinions and are thus not proper for consideration.  Therefore, the court recommends that the district court disregard the entire paragraph when ruling on the County's motion for summary judgment.

2.   *Paragraph 9*

Shelby County argues that statements in this paragraph directly contradict Sfakianos's deposition testimony concerning the extent of the restrictions her supervisor placed on her use of email.  Sfakianos asserts that the testimony is consistent.  The court finds no inconsistencies between the statements in this paragraph and Sfakianos's deposition.   Accordingly, the court recommends that the district court overrule the County's objection to this paragraph.

3.   *Paragraph 12*

Paragraph 12 concerns Jaqueline Hayes, executive assistant to the administrator of Sfakianos's department with the County. Shelby County argues that several statements within the paragraph violate the "personal knowledge" requirement of Rule 56(e).  The County also objects to statements made by third parties outside the presence of Sfakianos as double hearsay.  In response, Sfakianos

claims she had personal knowledge of the facts concerning Ms. Hayes's job responsibilities. Sfakianos also claims to have been told by her supervisors of the statements contained in the paragraph.

The court recommends the district court disregard this paragraph in its entirety with the exception of Sfakianos's observation that she has never seen Ms. Hayes perform most of her expanded job duties. Aside from this statement, the paragraph is riddled with speculation by the plaintiff as to her supervisor's personal motivations for taking certain actions as well as statements which are clearly inadmissible hearsay.

4. *Paragraph 13*

The County objects to a purported contradictory statement in this paragraph concerning a promotion to which Sfakianos claims she was entitled but never received as well as a purported contradiction between two of Sfakianos's interpretations of how to apply the County's raise policies. In addition, Shelby County objects to a statement by Sfakianos assuming the reasons behind her supervisor's actions. Sfakianos disputes the County's characterization of her statements as contradictory.

The court agrees with Sfakianos that her statements merely add to her deposition testimony. As the court noted above, supplementary statements such as these are proper for consideration by the district court at the summary judgment stage. The court

10

therefore recommends the district court deny the County's objection to these statements.  Sfakianos does, however, admit that although she had knowledge of her supervisor's actions, her assumptions concerning the motivations behind those actions are conclusory. This admission leads the court to find that such statements violate the firsthand knowledge requirements of Rule 56(e).  Accordingly, the court recommends that they be disregarded by the district court.

  5. *Paragraph 15*

  Shelby County objects to a purported contradiction between Sfakianos's deposition testimony and a statement in this paragraph concerning an investigation conducted by Vicky Lyon stemming from a complaint lodged against co-workers by Sfakianos. Sfakianos's statement that she felt no investigation occurred is not consistent with her deposition testimony that she spoke at length with Vicky Lyon.  In addition, the statement in this paragraph concerning Mr. Presley's attitude toward Sfakianos's complaint as it is purely speculative.  Accordingly, it is recommended that the district court disregard this paragraph in its entirety.

  6. *Paragraph 16*

  Shelby County objects to the court's consideration of two statements in this paragraph concerning an alleged offensive remark made by one of Sfakianos's co-workers and the subsequent investigation conducted by County officials.  Sfakianos claims that

11

both statements are true and that they merely supplement the answers she gave during her deposition. The court finds that first statement is not inconsistent with Sfakianos's deposition testimony, but the second one is. Accordingly, the court recommends that the district court overrule Shelby's County's objection to the first statement but disregard the second one when ruling on the County's motion for summary judgment.

      7.   *Paragraph 17*

      Here, the County objects to Sfakianos's conclusory statement concerning her co-worker. Specifically, the affidavit reads, in pertinent part, "There is only one permissible conclusion from these records: D. Hamilton makes mistakes." (Doc. No. 101-1, Pl.'s Aff. at 19.) Sfakianos admits her statement is conclusory, but argues that it is admissible because it is reasonable. Given the other admissible evidence provided by Sfakianos concerning Hamilton's record keeping errors, the statement is superfluous and unhelpful to the court in making its ruling. Therefore, it is recommended that the district court disregard this sentence when considering the motion for summary judgment.

      8.   *Paragraph 18*

      Shelby County objects to Sfakianos's statement that D. Hamilton has never worked on the "Waste Water Project" claiming that Sfakianos lacks personal knowledge to support this allegation. Sfakianos claims she has personal knowledge of what D. Hamilton

does on a daily basis, but offers no further proof specifying how she has come to know the specific information concerning the Waste Water Project.  While Sfakianos may offer testimony that she never saw Hamilton work on the Waste Water Project, she cannot, however, offer her conclusion that Hamilton never actually worked on the project.  Thus, the court recommends that the district court disregard the last paragraph of Paragraph 18.

       9.   *Paragraph 19*

     Shelby County objects to multiple statements in this paragraph.  First, the County objects to Sfakianos's claim that C. Benson asked two of Sfakianos's co-workers to listen to her telephone conversations.  Sfakianos argues that her statement only relays what was obvious to her from her observations.  The court finds that Sfakianos has not laid a sufficient foundation to show she had personal knowledge of her supervisor's instructions.  Without such a showing, Sfakianos can only testify as to her observations.  The court therefore recommends that the district court disregard the statement that C. Benson asked the co-workers to spy on Sfakianos.

     Shelby County next objects to Sfakianos's assertion that her supervisor, Benson, chased her into a bathroom.  The County asserts that Sfakianos failed to detail this fact in her deposition and should therefore be estopped from adding it at this stage of the litigation.  Sfakianos counters that she was unable to discuss many

13

incidents of retaliation in her deposition and that she only answered the questions she was asked. The court agrees with Sfakianos that the statement is not in conflict with her deposition, but merely supplements her testimony. Based on the deposition excerpt provided by Sfakianos, during the deposition, counsel for Shelby County asked Sfakianos to list all of the incidents of discrimination, but did not allow Sfakianos to complete her answer before interrupting with another question and moving on to another subject. Thus, the statement in her affidavit is merely adding to the allegations which Sfakianos was unable to relate in her deposition. Accordingly, the court recommends that the district court consider the statement in its ruling. In addition, the court finds no contradiction in Sfakianos's statement in her affidavit concerning her use of the grievance process in 2007, and recommends that it be considered by the district court as well.

Finally, the County challenges Sfakianos's personal knowledge that her supervisor knew that Sfakianos was not sloppy with her work and that her supervisor did not require other employees to work "error free" as she had required of Sfakianos. Sfakianos claims that both statements are "entirely factual." Because this statement assumes the opinion of Sfakianos's supervisor, the court recommends it be disregarded by the district court.

10.  *Paragraph 20*

Shelby County objects to statements in this paragraph concerning Sfakianos's disciplinary proceedings following a March 2008 audit of Sfakianos by Benson. The County claims that Sfakianos lacked personal knowledge of the results of the investigation and that anything she learned would have come through inadmissible hearsay. Sfakianos argues that statements to her concerning the investigation and the grievance proceedings are not hearsay pursuant to Federal Rule of Evidence 801(d)(2)(D).

Statements offered against a party are not hearsay if it established that they concern maters within the scope of employment and made during the employment relationship. *See* FED. R. EVID. 801(d)(2)(D). A key inquiry to admissibility is whether the subject of the statement falls within the declarant's authority as an employee or agent of the principal. *See Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 722 (6th Cir. 2006). Here, the County has not challenged Sfakianos's assertion that Kail's statement falls within his authority relating to the grievance process. Therefore, the court recommends that the County's objection be denied and the district court consider the statement when ruling on summary judgment.

The County also argues that Sfakianos lacks the requisite personal knowledge of her supervisor's personal motivations toward the plaintiff and that her statement concerning such is pure speculation. The court agrees. Sfakianos may not testify as to

her supervisor's mental state.  Accordingly, the court recommends
that the district court disregard these statements.

11.  *Paragraph 21*

Shelby County objects to Sfakianos's statements in this
paragraph based on her lack of personal knowledge.  The County
contends that Sfakianos could not have known whether black
employees felt discriminated against by the disciplinary process
nor whether her complaints to Melvin Booth were properly reported
pursuant to County policy.  Sfakianos argues that as the County's
human resources official in charge of distributing disciplinary
write-ups, she had personal knowledge of any disciplinary action
taken against a County employee.  Thus, Sfakianos claims she knew
the disparity between the treatment of black employees and the
treatment she received by her supervisor.  Sfakianos offers no
support for how she would have personally known whether Melvin
Booth communicated her complaint to the proper officials.

The Court agrees with the County.  Sfakianos's statement was
that "black employees did not find the disciplinary process hurting
them, as I did."  (Pl.'s Aff. ¶21.)  The statement attempts to
characterize the black employees' own perception of the County's
disciplinary process, something of which Sfakianos could not have
personal knowledge.  Furthermore, Sfakianos's failure to establish
how she knew of Booth's failure to act on her complaint undermines
her claim of personal knowledge.  In the face of the County's

16

challenge, the court cannot assume personal knowledge on the Sfakianos's behalf. Accordingly, the Court recommends that these statements be disregarded.

12.  *Paragraph 22*

The County objects to statements in this paragraph based on plaintiff's lack of personal knowledge as well as a statement made by Sfakianos concerning a discriminatory act by her supervisor which the County claims contradicts her deposition testimony. The County alleges that Sfakianos failed to mention the discriminatory act at all during her deposition. Sfakianos responds that her statements were based on her rational perceptions and that her affidavit merely supplements, rather than contradicts, her deposition testimony.

As stated above, Sfakianos cannot testify as to the mental state of other persons. The court therefore recommends that her statements as to her supervisor's motivations or the emotions of her co-workers be disregarded. As for the County's other objection to this paragraph, the court finds no contradiction. The court reiterates its earlier finding that Sfakianos was asked during her deposition to list all such acts but was not given sufficient opportunity to answer. Therefore, the court recommends that the district court overrule the County's objection to this portion of this paragraph and consider Sfakianos's allegation for the purposes of ruling on summary judgment.

Finally, the County also objects to Dr. Young's statement regarding Sfakianos's medical condition on hearsay grounds. Specifically, Sfakianos states "Dr. Young told me I had had an anxiety attack on account of the job-related stress." (Pl.'s Aff. ¶22.)  Sfakianos argues that this statement falls within the exception to the hearsay rule provided in Rule 803(3) as they are not offered for the truth of the matter asserted, but rather to show her state of mind.  Federal Rule of Evidence 803(3) allows a court to consider a statement tending to show "the declarant's then existing state of mind." *Id.*  Here, Sfakianos is attempting to introduce a statement by her doctor in an attempt to show her own state of mind.  This testimony does not fit within the exception delineated in Rule 803(3).  The court therefore recommends that the district court sustain the County's objection and disregard the statement attributed to Dr. Young.

13.  *Paragraph 23*

Shelby County objects to three conclusory statements in this paragraph.  Sfakianos argues that two of the statements are purely factual and admits that the other statement is conclusory, though "base don (sic) extensive facts she has provided."  Each of the three statements contains Sfakianos's conclusory opinion, which, although based on her perception of the facts as presented by her, are not helpful to the trier of fact and therefore inadmissible.

18

The court therefore recommends that the district court disregard all three statements.

14.   *Paragraph 24*

Shelby County lodges two objections to this paragraph.  First, the County argues that a statement by Sfakianos concerning Darnell Gatewood's investigation contradicts her deposition testimony. Second, the County objects to Sfakianos's speculation that Gatewood was "chummy" with her supervisor, Benson.

Sfakianos's statement about Gatewood's investigation does not contradict with her deposition testimony, but rather characterizes her perception of Gatewood's work. Sfakianos's statement as to Gatewood's relationship toward Benson, however, is not based on specific personal observation of their interactions with one another but is merely conclusory.   Accordingly, the court recommends that both of the County's first objection be overruled but that the district court disregard the second statement.

15.   *Paragraph 25*

The County objects to statements in this paragraph pertaining to disciplinary measures carried out against other County employees.  Sfakianos argues that she had personal knowledge of these disciplinary acts due to her position in the human resources department.   The court disagrees.  In her argument, Sfakianos admits that her knowledge of these occurrences is based solely on documents she reviewed as a human resources official.   Thus, her

knowledge of these events is not based on her personal observations, but rather, on her reading of documents written by third parties. In fact, almost all of this paragraph is based on Sfakianos's reading of similar documents. Such evidence as presented is inadmissible hearsay. Accordingly, the court recommends that the entire paragraph be disregarded.

16. *Paragraph 26*

Shelby County objects to Sfakianos's statement concerning the exact date on which her supervisor, Benson, learned of the present lawsuit claiming that Sfakianos lacks personal knowledge. The court agrees. Despite Sfakianos's accurate statement that the Mayor and the County were both served on the date in question, Sfakianos has not offered that she personally witnessed her supervisor either reading or being served with her complaint. Accordingly, the court recommends that the district court disregard this statement.

17. *Paragraph 27*

The County objects to Sfakianos's use of a statement by her co-worker, Darlene Hamilton, claiming that statement is hearsay. Sfakianos claims that Hamilton's statement's are admissions by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence and are thus not hearsay. As noted above, statements offered against a party are not hearsay if it can be established that the statements concern maters within the scope of employment

20

and made during the employment relationship.  *See* FED. R. EVID. 801(d)(2)(D).   To be admissible, however, the statements must be made by an employee with "the actual or implied authority to take action on behalf of the employer." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928 (6th Cir. 1999). By Sfakianos's own admission, Hamilton had no authority over her. Therefore, the court finds the hearsay statement does not fit within the exemption of 801(d)(2)(D) and recommends that the court disregard statements attributed to Hamilton in this paragraph.

C.   The Exhibits

   The County objects to several of the exhibits attached to the affidavit.  The County claims exhibits A, D, L, X, AA, BB, CC, HH, II, JJ, KK, LL, SS, VV, WW, XX, and ZZ should be disregarded as inadmissible hearsay.  In addition, the County claims that exhibits C, F, R, S, V, Y, KK, MM, and UU are not properly authenticated and should therefore not be considered by the court.  As stated above, a party may not rely on inadmissible evidence, including hearsay evidence, to defeat a motion for summary judgment,. *Alpert*, 481 F.3d at 409.   In addition, the Sixth Circuit has repeatedly held that "unauthenticated documents do not meet the requirements of Rule 56(e)." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n.5 (6th Cir. 2002); *Meals v. City of Memphis*, 493 F.3d

720, 728-29 (6th Cir. 2007); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993).

      1.   *Exhibits KK, VV, WW, XX*

      The County objects to these exhibits arguing that they each contain or are comprised entirely of statements which are inadmissible hearsay.  Exhibits KK, VV, WW, and XX each contain statements by physicians concerning Sfakianos's physical or mental condition.  Sfakianos argues that the medical professional's statements are not offered to show the truth of the matter asserted, "which is plaintiff's state of mind."  Sfakianos, however, fails to define the purpose for which the statements are actually offered and instead states that she understands that the doctors will have to testify.  In light of this concession, the court finds the doctors' statements inadmissible and recommends that the district court disregard the portion of these exhibits containing said statements.

      2.   *Exhibits A, D, L, X, AA, BB, CC, HH, II, JJ, LL, SS, ZZ*

      Each of these exhibits contain Sfakianos's personal notes concerning various incidents of hostility toward her which notes she claims to have created contemporaneous to the incidents themselves.  The County objects to these notes on the basis that much of what they contain is hearsay within hearsay.  Sfakianos cites Rules 803(5) and 803(6) as exceptions for the statements in general, but cites no case law in support of her arguments.

Sfakianos also fails to cite any authority to support her contention that hearsay statements within her personal notes are independently admissible.

Rule 803(6) allows the admission of "a memorandum, report, record, or data compilation, in any form . . . kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation." FED. R. EVID. 803(6).  The trial court is given much discretion to determine whether the circumstances surrounding the preparation of such records indicate a lack of trustworthiness.  *United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir. 1986).  In response to the County's objections, Sfakianos has done nothing to establish that her personal notes were kept as part of a regular business activity.  Instead, these notes appear to be prepared by Sfakianos in anticipation of the current litigation and as such, do not indicate a sufficient level of trustworthiness.  Therefore, Sfakianos's personal notes are not admissible under Rule 803(6).

Rule 803(5) allows for the use of any evidence, regardless of its admissibility, to refresh a witness's recollection.  *See* FED. R. EVID. 803(5); *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997); *United States v. Faulkner*, 538 F.2d 724, 727 (6th Cir.), *cert. denied*, 429 U.S. 1023 (1976).  Although 803(5) provides the proponent a method by which to refresh her memory, the

rule itself "does not provide an avenue for admission ." *Bondie v. Bic Corp.*, 947 F.2d 1531, 1534 (6th Cir. 1991). Therefore, Sfakianos's personal notes are not admissible under Rule 803(5). Accordingly, the court recommends that the district court disregard Sfakianos's personal notes.

　　3.　　*Exhibits C, F, R, S, V, Y, KK, MM, UU*

　　Finally, Shelby County objects to Exhibits C, F, R, S, V, Y, KK, MM, UU on the grounds that they are not properly authenticated. Sfakianos contends that she has set forth sufficient facts supporting her personal knowledge of the authenticity of the documents.  In addition, she argues that most of these exhibits were initially produced by Shelby County.

　　Generally, courts must disregard unauthenticated documents. *Moore* 2 F.3d at 699; *Starks-Umoja v. Fed. Express Corp.*, 341 F. Supp. 2d 979, 983 (W.D. Tenn. 2003).  At the summary judgment stage, however, courts have considered unauthenticated documents when the opposing party does not dispute the authenticity of the documents but instead, only argues that the proponent has failed to properly authenticate them. *Starks-Umoja*, 341 F. Supp. 2d at 984; *Wilks v. Pep Boys*, No. 3:02-0837, 2006 U.S. Dist. LEXIS 69533, 2006 WL 2821705, at *5-6 (M.D. Tenn. Sept. 26, 2006).  Here, Shelby County objects only to the plaintiff's authentication of the exhibits and not to their authenticity.  Accordingly, the court recommends that the district court deny the County's objection to

these exhibits and consider them as part of its summary judgment
ruling.

### III.  RECOMMENDATION

Based on the foregoing, the court recommends that Shelby
County's motion to strike be denied and the County's objections to
Sfakianos's affidavit and exhibits be noted on the record.  The
court further recommends that portions of the affidavit be
considered or disregarded as recommended herein.

Respectfully submitted this 2nd day of August, 2010.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE Judge