```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| CAROLYN A. SFAKIANOS,        ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                           ) | No. 08-02172 |
| ) | |
| SHELBY COUNTY GOVERNMENT,    ) | |
| ) | |
| Defendant.         ) | |

**ORDER ADOPTING REPORT & RECOMMENDATION**

Before the Court is Defendant Shelby County Government's ("Shelby County") Motion to Strike, filed May 5, 2010. (See Def.'s Mot. to Strike Aff. of Carolyn A. Sfakianos in Whole or Part, ECF No. 101.) ("Def.'s Mot.")  The Motion was referred to United States Magistrate Judge Diane K. Vescovo, who issued a Report and Recommendation on August 2, 2010. (See Order and Report and Recommendation on Def.'s Mot. to Strike, ECF No. 113.) ("Report")  For the following reasons, the Court DENIES Shelby County's Motion to Strike and ADOPTS the Magistrate Judge's Report.

**I.    Background**

On March 14, 2008, Plaintiff Carolyn A. Sfakianos ("Sfakianos") filed this action, alleging that Shelby Country had discriminated against her on the basis of her race, in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. (See Compl., ECF No. 1; Am. Compl. ¶¶ 46-47, ECF No. 48.) Sfakianos, a Caucasian female, alleges that her African-American supervisor and colleagues created a hostile work environment and retaliated against her for pursuing her Title VII rights. (See Am. Compl ¶¶ 46-47.) Shelby County denies Sfakianos' allegations. (See Answer, ECF No. 9.)

Shelby County moved for summary judgment on Sfakianos' claims on March 1, 2010. (See Mot. for Summ. J., ECF No. 89.) Sfakianos responded on April 4, 2010, attaching a 44-page affidavit with fifty-two accompanying exhibits. (See Pl.'s Resp., ECF No. 95; Sfakianos Aff., ECF No. 95-6). On May 7, 2010, Shelby Country moved to strike Sfakianos' affidavit. (See Def.'s Mot.) The Court referred Shelby County's Motion to the Magistrate Judge on May 12, 2010. (See Order, ECF No. 102.)

The Magistrate Judge initially granted Shelby County's Motion to Strike on May 26, 2010, after Sfakianos failed to respond. (See Order 3, ECF No. 103.) The same day, however, Sfakianos moved for reconsideration, which the Magistrate Judge granted on May 27, 2010. (Mot. for Reconsideration, ECF No. 104; Order, ECF No. 105.) Sfakianos responded to Shelby County's Motion that day. (See Pl.'s Resp., ECF No. 106.) The Magistrate Judge issued a Report on August 2, 2010, recommending

2

that the Court deny the Motion, but disregard portions of Sfakianos' affidavit and accompanying exhibits. (See Report.)

## II. Jurisdiction

Because Sfakianos' claims arise under Title VII, this Court has federal question jurisdiction. See 28 U.S.C. §§ 1331, 1343(a)(4); Harper v. AutoAlliance Int'l, 392 F.3d 195, 201 (6th Cir. 2004) (stating that Title VII claims arise under federal law).

## III. Analysis

When considering a magistrate judge's report and recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); cf. Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should

adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

Neither party has objected to the Magistrate Judge's Report, and the August 16, 2010 deadline for doing so has now passed. See Fed. R. Civ. P. 72(a) (allowing parties fourteen days to file objections to a magistrate judge's order on a non-dispositive matter); (Report (dated August 2, 2010)). Therefore, the Court adopts the Magistrate Judge's Report. See Thomas, 474 U.S. at 150. The Court will consider those portions of Sfakianos' affidavit and accompanying exhibits specified in the Report and will disregard those portions specified in the Report. (See Report.)

**IV.  Conclusion**

For the foregoing reasons, Shelby County's Motion to Strike is DENIED, and the Magistrate Judge's Report and Recommendation is ADOPTED.

So ordered this 18th day of November, 2010.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE